IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WALLACE MCCULLOUGH,

                    Petitioner,

          vs.

STATE OF NEBRASKA, and SARPY
COUNTY DISTRICT COURT,

                    Respondents.

8:25CV317

MEMORANDUM AND ORDER

This matter is before the Court for preliminary review of Petitioner Wallace McCullough's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Filing No. 1. For the reasons set forth below, the Court will dismiss the petition without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 28, 2025, Petitioner filed his habeas petition and indicated he is not presently confined, but lives in Grenada, Mississippi. Filing No. 1 at 1. Petitioner challenges a judgment of the District Court of Sarpy County, Nebraska, finding him in willful contempt of court for failing to pay court-ordered child support and for which the state court issued arrest warrants against Petitioner on January 5, 2017, along with a "purge order of $5500" that Petitioner contends he "could not pay." Filing No. 1 at 5. Petitioner argues the contempt order is unlawful because he had a "[m]otion to modify child support on file that . . . was unanswered by the Defendant" and remains unanswered to this day. Filing No. 1 at 7. Petitioner alleges violations of his Fourth Amendment right "against unlawful arrest and conviction" and his Fourteenth

Amendment due process rights as a result of the allegedly unlawful contempt order. Filing No. 1 at 5, 7.

As Petitioner indicates in his petition, he has filed two other actions in this Court related to his state court divorce and child support proceedings.[1] In the first, Petitioner filed a § 2254 habeas petition on December 21, 2017, challenging the same January 5, 2017, bench warrants at issue in the present case. *McCullough v. State of Nebraska*, Case No. 8:17-cv-487 (D. Neb.) (Filing No. 1). Senior District Judge Richard G. Kopf, presiding, dismissed, under the *Younger* abstention doctrine,[2] Petitioner's habeas corpus action challenging the state district court's order holding him in contempt of court for failure to abide by that court's orders in his divorce case involving Petitioner's noncompliance with a child support order and a property settlement order. *See id.* (Filing Nos. 3 & 4). When Judge Kopf issued his judgment in the habeas proceeding on December 27, 2017, Petitioner had not been taken into custody and the matter was pending in the Nebraska Supreme Court. The Nebraska Supreme Court later affirmed the state district court's orders. *McCullough v. McCullough*, 910 N.W.2d 515 (Neb. 2018). The Nebraska Supreme Court specifically rejected Petitioner's claim that he was not in contempt of the child support provisions of the dissolution decree due to his pending motion to modify because "the fact that an application for modification was pending did not excuse [Petitioner] from making payments required under the decree of

---

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.* The Court can also sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

dissolution," which "remained a valid judgment unless and until the court modified those provisions." *Id*. at 528.

In the second action, Petitioner filed a complaint pursuant to 42 U.S.C. § 1983 against various defendants. *McCullough v. Sarpy County, et al.*, Case No. 8:18-cv-194 (Filing No. 1). Judge Kopf, again presiding, declined to consider Petitioner's claims related to his state-court divorce proceedings under the *Rooker-Feldman* doctrine[3] and dismissed the action after Plaintiff's amended complaint failed to correct the pleading deficiencies of his original pleading and failed to state any plausible claim for relief. *See id*. (Filing Nos. 25, 39, & 40). Petitioner appealed the Court's decision and the Eighth Circuit summarily affirmed on July 2, 2019. *Id*. (Filing No. 46).

Petitioner now seeks habeas relief requiring "the State of Nebraska and Sarpy County Courts to overturn [his] conviction on Willful Contempt of Court or order them to set aside the conviction and warrant so that [he] can pursue a default judgment against Defendant and/or modification without being in jail." Filing No. 1 at 15 (spelling corrected and capitalization altered).

## II. DISCUSSION

Upon review, the Court concludes Petitioner is not in custody as required by 28 U.S.C. § 2254 and his petition must, therefore, be dismissed without prejudice for lack of subject matter jurisdiction.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). The habeas custody requirement "is

---

[3] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty," such as parole or release on one's own recognizance. *Hensley v. Mun. Court, San Jose-Milpitas Judicial Dist., Santa Clara*, 411 U.S. 345, 351 (1973) (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of movement rests in the hands of state judicial officers" (internal quotation marks omitted)); *see also Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) (prisoner who is on parole is "in custody"). "[T]he 'in custody' requirement of the habeas statute is satisfied as long as the petitioner was in custody at the time he filed his habeas petition." *Lopez v. Heinauer*, 332 F.3d 507, 510 (8th Cir. 2003) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238–40 (1968)).

Here, Petitioner alleged he was not confined when he filed his petition and he was located in Grenada, Mississippi. Nothing in the record suggests that Petitioner's circumstances have changed since the petition was filed. While Petitioner appears to be concerned that he will be placed in jail pursuant to the outstanding arrest warrant, the arrest warrant has been in place since January 5, 2017, and nothing in his petition or his other filings with this Court suggest that he has ever been incarcerated pursuant to the arrest warrants or that he faces any imminent threat of incarceration. "Moreover, the possibility of arrest if Petitioner fails to pay child support in the future does not satisfy the 'in custody' requirement for purposes of a habeas attack." *Heurung v. Kelly*, No. 17-CV-3340, 2017 WL 6611573, at *2 (D. Minn. Dec. 1, 2017), *report and recommendation adopted*, 2017 WL 6607397 (D. Minn. Dec. 27, 2017) (citing *Gore v. Callahan*, No. 3:15–CV–0272–K (BH), 2015 WL 4162760, at *3 (N.D. Tex. July 7, 2015) (A future habeas proceeding is "not inevitable" when

petitioner has "complete control over whether he will be incarcerated because he needs only to pay the child support he owes pursuant to state law to avoid incarceration")). Nor does the existence of the outstanding arrest warrant alone satisfy the "in custody" requirement as "an outstanding arrest warrant is not in itself sufficient to constitute 'custody' for purposes of the maintenance of a habeas petition." *Id*. (quoting *Prall v. Att'y Gen. of R.I.*, No. 09–CV-366, 2010 WL 737646, at *7 (D.R.I. Mar. 1, 2010) (collecting cases)); *see also Jones v. United States*, No. 4:11-CV-305, 2011 WL 3042023, at *3 (E.D. Ark. June 17, 2011), *report and recommendation adopted*, No. 2011 WL 3040908 (E.D. Ark. July 25, 2011) ("Based on her Petition, the allegedly outstanding arrest warrant . . . is the only even arguable 'restraint' on her liberty . . . . These allegations fall far short of demonstrating the kind of 'severe' and 'immediate' restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes."). In addition, as the Sixth Circuit Court of Appeals has concluded, a "civil judgment requiring [Petitioner] to pay child support does not [ ] constitute custody." *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984).

Because the face of the petition establishes Petitioner was not in custody at the time he filed this case and nothing indicates he is currently in custody, the Court finds this case should be dismissed for lack of jurisdiction.

## III. CERTIFICATE OF APPEALABILITY

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1),(2); Fed. R. App. P. 22(b)(1). A COA should not be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is denied on procedural grounds without reaching the

underlying merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.    Petitioner Wallace McCullough's habeas petition, Filing No. 1, is dismissed without prejudice for lack of jurisdiction.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 8th day of August, 2025.

BY THE COURT:

_John M. Gerrard_____

John M. Gerrard
Senior United States District Judge